UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
KRISTOPHER R. OLSON, CHRISTOPHER
LOPEZ, WARREN BARBER,
CHRISTOPHER CLIFFORD and ERIK
LIPTAK,

                Plaintiffs,

    v.

MAJOR LEAGUE BASEBALL; MLB
ADVANCED MEDIA, L.P.; HOUSTON
ASTROS, LLC; and BOSTON RED SOX
BASEBALL CLUB, L.P.,

                Defendants.
------------------------------------------------------------X

20 Civ. 632 (JSR)
20 Civ. 1000 (JSR)



## PROTECTIVE ORDER

JED S. RAKOFF, U.S.D.J.

      The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

      ORDERED that any person subject to this Order – including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order – shall adhere to the following terms, upon pain of contempt:

      1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order shall not disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

(a) confidential, proprietary, financial, customer, client or commercial information, trade secrets or nonpublic research or business development;

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) non-public business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual;

(e) any information kept confidential pursuant to law or regulation; or

(f) any other category of information hereinafter given Confidential status by the Court.

3. The person producing any given Discovery Material may designate as Highly Confidential only such portion of such material as consists of:

(a) trade secrets or other information that the party reasonably believes the unauthorized disclosure of which would result in competitive, commercial or financial harm to the producing party or its personnel, clients, or customers;

(b) any other material the producing party believes in good faith would not otherwise be adequately protected under the procedures set forth herein if designated Confidential;

(c) information to which applicable law -- foreign or domestic -- requires the equivalent of "Highly Confidential" treatment; or

(d) any other category of information hereinafter given Highly Confidential status by the Court.

4. With respect to the Confidential or Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential" by stamping or otherwise clearly marking as "Confidential" or "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and, to the extent necessary, by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, confidentiality designations shall be made by the producing party or that person's counsel either on the record or by written notice to the parties present and the stenographer and the videographer in writing, within fourteen (14) days after receipt of the final deposition transcript that designated testimony is Confidential or Highly Confidential. During the 14-day designation period, all deposition transcripts shall be treated as Highly Confidential. To the extent deposition material is designated as Confidential or Highly Confidential, the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" or "Highly Confidential Information Governed by Protective Order" by the reporter.

5. If at any time prior to the trial of this action, a person realizes that some portion[s] of Discovery Material previously produced without limitation should be designated as Confidential or Highly Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential or Highly Confidential under the terms of this Order.

6. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a) outside counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(b) in-house counsel to whom it is reasonably necessary to disclose the information in connection with this action;

(c) current officers, directors, or employees of the parties to the extent that such disclosure is reasonably necessary for the action;

(d) as to any document, its author, its addressee, and any other person established to have received a copy or otherwise been aware of or had access to the information reflected therein prior to its production in this action;

(e) in connection with their depositions or trial testimony, witnesses and their counsel to whom disclosure is reasonably necessary, provided such persons have first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) any person retained by a party to serve as an expert witness or otherwise provide specialized advice or services to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) stenographers engaged to transcribe depositions conducted in this action;

(h) the Court and its support personnel; and

(i) mediators or other third parties who are appointed by the Court or retained by the parties for settlement purposes and their support personnel.

7. No person subject to this Order other than the producing party shall disclose any of the Discovery Material designated by the producing person as Highly Confidential to any other person whomsoever, except, as necessary, to the persons identified in subsections (a), (d), and (e) through (h) of paragraph 6 above, as well as to any in-house litigation counsel of the Party whose access to the information is reasonably required to supervise or manage this case. To the extent it is necessary to disclose Discovery Material designated as Highly Confidential to any persons identified in subsection (e) of paragraph 6 above, the party who intends to disclose such material must provide the producing person 48 hours' notice before disclosure unless a shorter notice period is required under the circumstances.

8. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(c), 6(e) or 6(f) above, or any disclosure of Highly Confidential Discovery Material to any person referred to in subparagraphs 6(e) or 6(f) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. All Confidential or Highly Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential or Highly Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with

the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential or Highly Confidential Discovery Material itself, and not text that in no material way reveals the Confidential or Highly Confidential Discovery Material.

10. Any party who objects to any designation of confidentiality, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential or Highly Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential or Highly Confidential Document or information contained in any Confidential or Highly Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. It is expressly contemplated, agreed and ordered that third parties who provide Discovery Material in this action may invoke all provisions of this Order as to that Discovery Material, and that the parties to this Order will treat all Discovery Material designated by such third parties as Confidential or Highly Confidential in accordance with the terms of this Order.

Any party seeking or receiving third party Discovery Material shall promptly disclose the existence of this Order to the producing third party.

14. If, in connection with this litigation, a party inadvertently discloses information protected from disclosure under the attorney-client privilege, attorney work product doctrine, or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure ("Inadvertently Disclosed Information"), consistent with Federal Rule of Evidence 502(d), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product, or other protections with respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return, sequester or destroy all copies of the Inadvertently Disclosed Information, and provide a written certification of counsel that all such information has been returned, sequestered or destroyed.

16. Within five business days of the notification that such Inadvertently Disclosed Information has been returned, sequestered or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information. The parties may stipulate to extend the time periods set forth in paragraphs 15 and 16.

17. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. During the pendency of the motion, the receiving party must either sequester or destroy the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production. However, a party is not precluded from arguing that a privilege or protection does not exist and/or has been waived for reasons other than the

production of a document or information subsequently clawed back in accordance with the terms of this Order.

18. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an <u>in camera</u> review of the Inadvertently Disclosed Information.

19. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential or "Highly Confidential" and all copies thereof, shall be promptly returned to the producing person, or destroyed, except that counsel may keep a set of documents that were filed in Court.

20. If any party receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity not a party to the above-captioned action purporting to have authority to require the production of any Discovery Material designated as Confidential or Highly Confidential, that party shall give written notice (by e-mail, if possible) within ten days to counsel for the person or entity that produced the Discovery Material, provided doing so would not result in violation of any law or government directive. The party receiving the subpoena shall not produce Confidential or Highly Confidential Discovery Material until the person or entity that produced the Discovery Material has had a reasonable opportunity to bring a motion to prevent or limit the disclosure, provided doing so would not result in violation of any law or government directive.

21. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.
Dated: March 11, 2020
New York, New York

*David Golub /SHOC*

David S. Golub (dgolub@sgtlaw.com)
Steven L. Bloch (sbloch@sgtlaw.com)
Ian W. Sloss (isloss@sgtlaw.com)
SILVER GOLUB & TEITELL LLP
184 ATLANTIC STREET
Stamford, CT 06901
Telephone: (203) 325-4491
Facsimile: (203) 325-3769

*John Radice /SHOC*

John D. Radice
Kenneth Pickle
Natasha Fernandez-Silber
April Lambert
RADICE LAW FIRM, P.C.
475 Wall Street
Princeton, NJ 08540
Tel: (646) 245-8502
Fax: (609) 385-0745
jradice@radicelawfirm.com
kpickle@radicelawfirm.com
nsilber@radicelawfirm.com
falambert@radicelawfirm.com

*Eric Cramer /SHOC*

Eric L. Cramer (*pro hac vice*)
Patrick F. Madden (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel: (215) 875-3000
ecramer@bm.net
pmadden@bm.net

*Counsel for Plaintiffs Kristopher R. Olson,
Christopher Lopez, Warren Barber,
Christopher Clifford, and Erik Liptak*

*John Hardiman*

John L. Hardiman (hardimanj@sullcrom.com)
Benjamin R. Walker (walkerb@sullcrom.com)
Adam R. Brebner (brebnera@sullcrom.com)
Hannah L. Fackler (facklerh@sullcrom.com)
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588

*Counsel for Defendants Major League Baseball
and MLB Advanced Media, L.P.*

*Hilary Preston /SHOC*

Clifford Thau (cthau@velaw.com)
Hilary L. Preston (hpreston@velaw.com)
VINSON & ELKINS LLP
1114 Avenue of the Americas, 32nd Floor
New York, New York 10036
Telephone: (212) 237-0000
Facsimile: (917) 849-5342

*Counsel for Defendant Houston Astros, LLC*

*Lauren Moskowitz /SHOC*

Katherine B. Forrest (kforrest@cravath.com)
Michael T. Reynolds (mreynolds@cravath.com)
Lauren A. Moskowitz (lmoskowitz@cravath.com)
CRAVATH, SWAINE & MOORE LLP
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

*Counsel for Defendant Boston Red Sox Baseball
Club, LP*

**SO ORDERED:**

_____
JED S. RAKOFF
U.S.D.J.

New York, NY
Dated: 3/12/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- X
KRISTOPHER R. OLSON, CHRISTOPHER :
LOPEZ, WARREN BARBER, :
CHRISTOPHER CLIFFORD and ERIK : 20 Civ. 632 (JSR)
LIPTAK, : 20 Civ. 1000 (JSR)
:
Plaintiffs, :
v. :
:
MAJOR LEAGUE BASEBALL; MLB :
ADVANCED MEDIA, L.P.; HOUSTON :
ASTROS, LLC; and BOSTON RED SOX :
BASEBALL CLUB, L.P., :
:
Defendants.
---------------------------------------------------------- X

## NON-DISCLOSURE AGREEMENT

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential and Highly Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation, will disclose such Confidential or Highly Confidential Discovery Material only as expressly permitted by the Protective Order, and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED: _____          _____