UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
KRISTOPHER R. OLSON,                            :
CHRISTOPHER LOPEZ, WARREN                       :
BARBER, CHRISTOPHER CLIFFORD                    :
and ERIK LIPTAK,                                :
                                                :
            Plaintiffs,                 :
     v.                                        :   20 Civ. 632 (JSR)
                                                :
MAJOR LEAGUE BASEBALL; MLB                      :
ADVANCED MEDIA, L.P.; HOUSTON                   :
ASTROS, LLC; and BOSTON RED SOX                 :
BASEBALL CLUB, LP,                              :
                                                :
            Defendants.                 :
------------------------------------------------------- x

**HOUSTON ASTROS, LLC AND BOSTON RED SOX BASEBALL CLUB, L.P.
OPPOSITION TO PLAINTIFFS' MOTION TO
<u>ALTER, AMEND OR VACATE JUDGMENT AND FOR LEAVE TO AMEND</u>**

Defendants Houston Astros, LLC (the "Astros") and Boston Red Sox Baseball Club, L.P. (the "Red Sox") respectfully submit this joinder to the memorandum of law in opposition to Plaintiffs' motion to alter, amend or vacate judgment and for leave to amend (the "Opposition" or "Opp.") filed by Major League Baseball ("MLB"), MLB Advanced Media, L.P. ("MLBAM," and together with MLB, the "MLB Defendants").

As the MLB Defendants demonstrate in the Opposition, Plaintiffs' motion (the "Motion") to alter, amend or vacate this Court's judgment dismissing Plaintiffs' Amended Complaint with prejudice is without merit and should be denied. Plaintiffs' purported "newly discovered evidence" was in their possession before the Court entered judgment on Defendants' behalf, and does not alter the Court's well-reasoned conclusion that each of Plaintiffs' claims is fatally deficient. The Astros and the Red Sox join in the arguments set forth in the Opposition, which apply equally to the Astros and Red Sox, and incorporate those arguments by reference as if fully set forth herein. The Astros and the Red Sox submit this joinder only to point out that none of the 588 paragraphs in Plaintiffs' Proposed Second Amended Complaint, (Dkt. Nos. 64-1–64-2 (Ex. A-1–A-2) ("PAC")), alleges any new conduct whatsoever by the Astros or the Red Sox. Therefore, while Plaintiffs' motion fails as to all Defendants, it plainly cannot provide a basis to disturb the judgment entered in favor of the Astros and the Red Sox.

Plaintiffs' characterize as "newly discovered evidence" the Amended and Restated Game License and Marketing Rights Agreement between DraftKings, Inc. ("DraftKings") and MLBAM and certain ancillary documents (together, the "DraftKings-MLBAM Agreement"), and contend that through the DraftKings-MLBAM Agreement all Defendants "controlled" DraftKings fantasy baseball contests, (*see, e.g.*, PAC ¶¶ 3, 31, 33), and made representations that such contests were "games of skill" (*see*, *e.g.*, PAC ¶¶ 146, 482, 545). As demonstrated in the Opposition, the

DraftKings-MLBAM Agreement does not effect any such control or representations and, in fact, only documents the licensing and marketing relationship that the Court has already held insufficient to create any legal duty from Defendants to Plaintiffs. (Opp. at 4, 21–22, 24.) As to the Astros and Red Sox in particular, the DraftKings-MLBAM Agreement *cannot* provide any basis to alter the Court's judgment because the teams are not parties to that Agreement. Plaintiffs affirmatively misrepresent this fact by asserting that the Astros and the Red Sox were "MLB Parties" (PAC ¶ 27) under the DraftKings-MLBAM Agreement, but this assertion is contradicted by the Agreement itself. The defined term "MLB Parties" specifically "exclud[es] each of the Clubs" (*see* Dkt. No. 64-3 (Ex. B-1) at 12 (MLB-Olson-00000446)).[1]

Plaintiffs' remaining "newly discovered evidence" relates to alleged false statements ▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. As demonstrated in the Opposition, Plaintiffs have failed to plausibly allege falsity, materiality, scienter or reliance regarding such statements.[2] (Opp. at 1–2, 5–6, 17–18, 20.) In addition to these glaring deficiencies, Plaintiffs' allegations cannot provide

---

[1] Plaintiffs also cite to a DraftKings press release to assert that, as they had argued in the prior Amended Complaint (Dkt. No. 20 ¶¶ 5, 36–37), DraftKings entered into "individual 'partnership' agreements" with 27 MLB Clubs, including the Astros and the Red Sox. (PAC ¶ 40.) This too is false. In fact, the DraftKings-MLBAM Agreement expressly stated that DraftKings "shall not enter into any agreement directly with any Participating Club . . . to implement the terms of this Agreement." (Dkt. No. 64-4 (Ex. B-2) at 5 (MLB-Olson-00000452)).) And, in any event, Plaintiffs do not allege anything about the contents of those purported individual partnership agreements, much less that they contained any representations about daily fantasy contests being "games of skill."

[2] By the same analysis set forth in the Opposition with respect to the Commissioner's September 2017 and October 2018 statements (Opp. at 14–19), Plaintiffs' conclusory allegations that Plaintiff Olson relied on October 2018 statements by the Astros' then General Manager Jeff Luhnow (PAC ¶¶ 159–60) do not alter the Court's conclusion that Plaintiffs fail to allege a legally cognizable claim with respect to such statements. (*See* Dkt. No. 55 at 9–10, 13–16.)

any basis to revisit claims against the Astros or the Red Sox because neither team had anything to do with issuing the MLB press release in question, nor do Plaintiffs allege otherwise.

Accordingly, while Plaintiffs' new allegations do not provide any justification to alter, amend or vacate the Court's April 3, 2020 decision for any Defendant, the absence of any new alleged conduct on the part of the Astros or Red Sox makes the analysis particularly straightforward for these Defendants. For these reasons and the reasons set forth in the Opposition, Plaintiffs' motion to alter, amend or vacate judgment and for leave to amend should be denied. In the event that the Court grants Plaintiffs leave to file the PAC, the Astros and the Red Sox expressly reserve their rights to move to dismiss the PAC, including on grounds not specifically addressed herein or in the Opposition.

Dated: May 15, 2020

Respectfully submitted,

/s/ *Hilary L. Preston*
Clifford Thau
Hilary L. Preston
VINSON & ELKINS LLP
1114 Avenue of the Americas
32nd Floor
New York, NY 10036
Tel: 212-237-0000
Fax: 917-849-5342
cthau@velaw.com
hpreston@velaw.com

Michael C. Holmes (*admitted pro hac vice*)
2001 Ross Avenue
Suite 3900
Dallas, TX 75201
Tel: 214-220-7814
Fax: 214-999-7814
mholmes@velaw.com

*Counsel for Houston Astros, LLC*

-4-

/s/ *Lauren A. Moskowitz*
Katherine B. Forrest
Michael T. Reynolds
Lauren A. Moskowitz
CRAVATH, SWAINE & MOORE LLP
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019
Tel: (212) 474-1000
Fax: (212) 474-3700
kforrest@cravath.com
mreynolds@cravath.com
lmoskowitz@cravath.com

*Counsel for Defendant Boston Red Sox Baseball Club, L.P.*