```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| KRISTOPHER R. OLSON, CHRISTOPHER LOPEZ, WARREN BARBER, CHRISTOPHER CLIFFORD, AND ERIK LIPTAK, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>MAJOR LEAGUE BASEBALL; MLB ADVANCED MEDIA, L.P.; HOUSTON ASTROS, LLC; and BOSTON RED SOX BASEBALL CLUB, L.P.,<br><br>　　　　　　Defendants. | 20-cv-632 (JSR)<br><br><u>ORDER STAYING UNSEALING PENDING RESOLUTION OF APPEAL</u> |

JED S. RAKOFF, U.S.D.J.

　　During discovery in this case, and pursuant to a confidentiality order, defendants provided plaintiffs a letter dated September 14, 2017 from the Commissioner of Major League Baseball ("MLB") to the New York Yankees (the "Yankees") detailing the results of an investigation by MLB of alleged rules infractions by the Yankees (the "Yankees Letter"). After the Court dismissed the lawsuit, the plaintiffs moved for reconsideration, partially on the basis of the Yankees Letter. Specifically, plaintiffs alleged that when the MLB Commissioner issued a press release on September 15, 2017 that stated that the Yankees had been found guilty of a technical infraction, he made an actionable misrepresentation, since the Yankees Letter

1

showed that the violation was more serious. The plaintiffs then sought to have the Yankees Letter, which had by then been filed under seal at the request of defendants MLB and MLB Advanced Media, L.P. (collectively "MLB defendants"), made part of the public record of this case. Although the Court ultimately denied the motion for reconsideration, it reserved decision on the unsealing, and, in this connection, not only heard from the MLB defendants, but also invited the Yankees, which is not a party to this case, to nevertheless give the Court the benefit of its views on the question of unsealing.

Ultimately, the Court ruled that the Yankees Letter, with minor redactions to protect individual identities, should be unsealed. Although the MLB defendants had earlier argued that the letter was wholly in accord with the Commissioner's public statement, and now argued that release of the letter would harm the Yankees's reputation, these mutually inconsistent arguments, as well as other arguments offered by the MLB defendants and the Yankees, were unpersuasive. Indeed, one might be tempted to conclude that there is no justification for keeping the letter sealed. Nevertheless, the Court stayed its order so that the Yankees and the MLB defendants could present to the Court of Appeals their contention that the letter should continue to be suppressed, in derogation of the public's right to know.

The Yankees and MLB defendants have now filed their appeal and assured the Court that they will ask the Court of Appeals to expedite the appeal. Accordingly, the Court extends its stay of the unsealing until the Court of Appeals issues its ruling on the appeal by the Yankees and MLB defendants.[1]

SO ORDERED.

Dated:   New York, NY

        June 17, 2020          _____
                                       United States District Judge

---

[1] Concomitantly, the Court will stay pending resolution of the appeal the unsealing of certain references to the Yankees Letter in the parties' submissions to the Court in connection with the motion for reconsideration. Specifically, the Court will not unseal Proposed Amended Complaint paragraphs 133-134 (Dkt. No. 64-1) and 406-408 (Dkt. No. 64-2), pages 10-11 of plaintiffs' opening memorandum of law (Dkt. No. 60), pages 14-16 of MLB defendants' opposition brief (ECF No. 65), and pages 6-7 of plaintiffs' reply memorandum of law (ECF No. 71).